IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID MICHEAL McDONALD**, | ) | |
| Reg. No. 40077-424, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 1351 |
| | ) | |
| **FEDERAL BUREAU OF PRISONS**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Chicago Metropolitan Correctional Center ("MCC") inmate David McDonald ("McDonald") has used the Clerk's-Office-supplied form of "Complaint Under the Constitution ('Bivens' Action), Title 28 Section 1331" in an effort to launch his most recent battle in his several-years dispute with federal prison authorities and the medical staff assigned to the Federal Bureau of Prisons. But because the tag end of his turgid saga[1] sounds the death knell for his current effort, this sua sponte memorandum opinion and order need not address the other major difficulties with McDonald's lengthy and repetitive account.

Before that subject is addressed, however, the first order of business in dealing with any prisoner action undertaken without an up-front payment of the entire filing fee is to review his or her compliance or noncompliance with the requirements of 28 U.S.C. § 1915 ("Section 1915").

---

[1] McDonald's Complaint and its attachments (which together constitute Dkt. No. 1) span fully 33 pages, 24 of which are devoted to the Complaint itself. It is at the very end of the nine pages of attachments (page 33 of 33) that the poison pill referred to in the text appears.

In this instance McDonald has submitted another Clerk's-Office-supplied form, the In Forma Pauperis Application ("Application"), but the essential ingredient of the Application called for by Section 1915(a)(2) and by the Application instructions themselves -- the printout of transactions in the prisoner's trust fund account "for the 6-month period immediately preceding the filing of the complaint" -- is totally lacking. Instead McDonald has tendered only a brief snapshot that has no listing at all of the transactions in the account from August 18, 2016 to the presumptive "filing" date of February 17, 2017. [2]

That being the case, this Court has enlisted the good offices of the staff attorney assigned to this case for oversight purposes, and she has requested and obtained from the MCC a printout reflecting all transactions in McDonald's trust fund account there during the period referred to at the end of the preceding paragraph. That has enabled this Court to determine that the average monthly deposits to that account during that time frame (see Section 1915(b)(1)(A)) amounted to $19.34, 20% of which (id.) is $3.87. Accordingly McDonald is assessed an initial partial filing fee of $3.87, and the MCC trust fund officer is ordered to collect that amount from McDonald's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

---

[2] Because even a proper printout must be requested and obtained by a prisoner before he or she sends all the papers that make up a filing to the Clerk's Office, by definition the trust fund statement cannot reach the end of the relevant six-month period -- it must be remembered that the date of "filing" the complaint is determined under the Houston v. Lack, 487 U.S. 266 (1988) "mailbox rule." For that reason this Court customarily requests an update from the custodial institution so that the calculation called for by Section 1915(b)(1) can be made.

After such payment the trust fund officer at the MCC (or at any other correctional facility where McDonald may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify McDonald's name and the 17 C 1351case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the MCC trust fund officer.

Now to the fatal flaw in McDonald's action that was referred to at the outset of this opinion. McDonald's lengthy narrative makes it crystal clear (and as stated a bit later, McDonald himself evidences his realization) that he must satisfy -- but that he has <u>not</u> satisfied -- the precondition to suit established by 42 U.S.C. § 1997e(a) ("Section 1997e(a)"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

It is plain that the statutory reference to "any other Federal law" includes a putative <u>Bivens</u> action of the type McDonald seeks to advance. Here is what the unanimous Supreme Court opinion in <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) said in that regard at the conclusion of its analysis of the statutory change enacted by the PLRA as Section 1997e(a):

> Thus federal prisoners suing under <u>Bivens v. Six Unknown Fed.Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.

Accord, the similarly brief but thorough explanation in Kikumura v. Osagie, 461 F.3d 1269, 1281 (10th Cir. 2006)).

In this instance the earlier-mentioned page 33 of Dkt. No. 1 (photocopy attached) expressly states that McDonald has not exhausted his available administrative remedies -- it notifies him of his right to appeal to the Office of General Counsel of the Federal Bureau of Prisons by an appeal that had to be received in that Office within 30 days from the January 25, 2017 response date: that is, on or before February 23. Instead McDonald has specifically recognized that right to appeal in a separate Dkt. No. 5 included in his filings here, a five page statement that flatly rejects the exercise of that right and thus flouts the congressional mandate by turning to this District Court instead.

In sum, this action must be and is dismissed because of McDonald's violation of Section 1997e(a), and that dismissal constitutes a "strike" under Section 1915(g). Lastly, McDonald's other use of a Clerk's-Office-supplied form -- its Motion for Attorney Representation (Dkt. No. 4) -- is denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 28, 2017

Anser to BP-10

U. S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

**Administrative Remedy Number**: 872499-R4

This is in response to your Regional Administrative Remedy Appeal received on December 23, 2016. You allege you were not provided cornea surgery in a timely manner. Specifically, you claimed you were injured in October 2013 but did not receive cornea surgery until April 2016. For relief, you request the employment of the staff members involved be terminated.

We have reviewed the documentation related to your appeal. Based on this review, we concur with the manner in which the Warden addressed your concerns. You have consistently been provided timely and appropriate medical care in accordance with Program Statement 6031.04, <u>Patient Care</u>. Through this review we have learned you were not in Federal Bureau of Prisons custody for seven months of the timeframe you refer to in your complaint. A review of your electronic medical record indicates upon your return to Federal Bureau of Prisons custody, you were evaluated by an optometrist and ophthalmologist for corneal scars on several occasions. During these encounters, the providers performed a physical evaluation and created a treatment plan based on your condition. The treatment plans included prescribing eye drops, referrals to a cornea specialist, and eventually cornea surgery. A cornea transplant was performed on April 7, 2016. This treatment was appropriate for your condition. Given this, our intervention is not warranted at this time.

Based on these findings, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

1-25-17
Date

Sara M. Revell, Regional Director

(47)

ATTACHMENT